UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Sterrlene Wright,** | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **CorTrust Bank, N.A.** | ) | **DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Sterrlene Wright, and asserts the following claims for relief against the Defendant, CorTrust Bank, N.A.

1. This is an action brought by the Plaintiff for statutory, actual and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*(hereinafter "FCRA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina's common laws set forth herein.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business in this division and the Plaintiff resides in this division.

### Parties

3. The Plaintiff, Sterrlene Wright is over the age of twenty-one (21), is a citizen of the

State of South Carolina, and is a resident of Florence County.

4. The Defendant, CorTrust Bank, N.A. (hereinafter referred to as "CorTrust"), whose corporate status is unknown to the Plaintiff at this time, may be served with process through its President and CEO, Jack E. Hopkins, 100 East Havens, Mitchell, SD 57301. CorTrust was in all respects and at all times relevant herein doing business in the state of South Carolina and in this Division.

## FACTUAL ALLEGATIONS

5. On or about September 14, 2009, the Plaintiff received her Equifax credit report, wherein Equifax reported a CorTrust Bank account as charged off and transferred/sold.

6. On or about October 14, 2009, the Plaintiff sent Experian a dispute letter in which she requested that the CortTrust account be removed from her credit file.

7. On or about October 22, 2009, the Plaintiff received her Experian credit report. Experian also reported a CCS/CorTrust account as charged off and transferred. This report also indicated that the Defendant had last verified the account information to Experian in July of 2009.

8. In November of 2009, the Plaintiff sent dispute letters to the Defendant, as well as to Experian, in which she disputed the account being reported by the Defendant her credit. Specifically the Plaintiff stated in her letter to the Defendant that the account was opened without the Plaintiff's authority, authorization, or knowledge.

9. On or about November 18, 2009, the Plaintiff received investigation results from

Experian. Experian continued to list the CCS/CorTrust account as charged off. Experian also reported that the item had been verified by the Defendant in November, 2009.

10. On or about November 23, 2009, the Plaintiff received a letter from the Defendant in which the Defendant stated that an application had been filled out by the Plaintiff in 2005 and that the account had been sold to Arrow Financial.

11. On or about November 29, 2009, the Plaintiff received another Experian report that continued to list the CCS/CorTrust account as belonging to the Plaintiff. The tradeline indicated that the item had been verified by the Defendant in November, 2009.

12. On or about January 13, 2010, the Plaintiff received a letter from the Defendant. This letter was, essentially, the same letter as the one received by the Plaintiff on or about November 23, 2009.

13. On or about January 14, 2010, the Plaintiff received her credit report from Equifax. Equifax continued to list the CorTrust account. The tradeline of the Equifax report did not indicate that the account had been disputed.

14. On or about February 3, 2010, the Plaintiff received a letter from the Defendant. The February 3 letter was the same letter that had previously been sent by the Defendant on or about January 13, 2010.

15. On or about June 13, 2010, the Plaintiff was denied credit by Kohl's. Kohl's indicated that the credit denial was due to information that had appeared on the Plaintiff's Experian credit report.

16. On or about August 9, 2010, the Plaintiff sent Experian a dispute letter in which she disputed the reporting of the CCS/CorTrust account. The Plaintiff stated in her letter that the CCS/CorTrust account was fraudulent and that she had previously reported to Experian that it was fraudulent.

17. On or about August 9, 2010, the Plaintiff sent Equifax a dispute letter in which she disputed the reporting of the CCS/CorTrust account. In her letter, the Plaintiff stated once more that the account was fraudulently opened.

18. On or about August 9, 2010, the Plaintiff, by and through her counsel, sent yet another letter to the Defendant. In this letter, the Plaintiff disputed all liability on the account and requested all documentation used to open the account, all account statements, and all payments posted to the account. The Plaintiff also submitted a signed affidavit to the Defendant in which she stated that the account was fraudulently opened.

19. On or about September 2, 2010, the Plaintiff received yet another Experian credit report. The Defendant continued to report the account to Experian. The tradeline indicated that the account had been verified by the Defendant in January, 2010.

20. On or about October 27, 2010, the Plaintiff, by and through her counsel, sent another letter to the Defendant via certified mail, return receipt requested. The receipt was signed on November 1, 2010. In her letter, the Plaintiff made known to the Defendant that the fraudulent account was still being reported on the Plaintiff's credit. The Plaintiff requested copies of all documentation that supported the Defendant's decision to continue to report the account as belonging to the Plaintiff. A copy of the

August 9, 2010 letter sent to the Defendant was included with this letter as well as a copy of the previously provided affidavit. The Defendant never responded to the Plaintiff's letters and never provided any documentation regarding the disputed account.

21. In November and December 2009, the Plaintiff was denied refinancing for her home as well as other credit that was applied for.

22. Upon information and belief, the Defendant continues to incorrectly report the account as belonging to the Plaintiff.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

23. The Plaintiff adopts the averments and allegations of paragraphs 5 through 22 hereinbefore as if fully set forth herein.

24. Defendant negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendant had provided to a consumer reporting agency.

25. Defendant negligently violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

26. Defendant negligently violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by Defendant to a consumer reporting agency.

27. Defendant negligently violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

28. Defendant negligently violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

29. Defendant negligently violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendant's account was inaccurate, incomplete, false, and misleading.

30. As a result of the Defendant' acts and omissions, the Plaintiff has suffered actual and compensatory damages.  The Plaintiff has suffered denials of credit, damage to her credit reputation, mental anxiety, emotional suffering, worry, humiliation and mental distress.  In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of the Defendant alleged herein, would not have been necessary.

## COUNT TWO
## FAIR CREDIT REPORTING ACT

31. The Plaintiff adopts the averments and allegations of paragraphs 5 through 30 hereinbefore as if fully set forth herein.

32. Defendant willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendant had provided to a consumer reporting agency.

33. Defendant willfully violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

34. Defendant willfully violated 15 U.S.C. §1681s-2(b) by failing to conduct an

investigation as to the accuracy of the information reported by Defendant to a consumer reporting agency.

35. Defendant willfully violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

36. Defendant willfully violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

37. Defendant willfully violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendant's account was inaccurate, incomplete, false, and misleading.

38. As a result of the Defendant' acts and omissions, the Plaintiff has suffered actual and compensatory damages. The Plaintiff has suffered denials of credit, damage to her credit reputation, mental anxiety, emotional suffering, worry, humiliation and mental distress. In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of the Defendant alleged herein, would not have been necessary. Further, the Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore the Defendant is liable to the Plaintiff for punitive damages.

### COUNT THREE
### Unfair Trade Practices - S.C. Code Ann. §39-5-10, *et. seq.*

39. The Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 38 as if set forth fully herein.

40. The activities of the Defendant constitutes "trade or commerce" as defined by South Carolina Code §39-5-10, *et. seq.* (As amended).

41. The actions of the Defendant described above constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, §39-5-10 *et. seq.* and are knowing and willful violations thereof.

42. The Plaintiff further alleges that the actions of the Defendant has a real and substantial potential for repetition and are a threat to the public interest.

43. The Plaintiff has suffered ascertainable losses due to the unlawful actions of the Defendant and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble said actual damages for Defendant's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant as follows:

A. Statutory damages from Defendant for its violations of the FCRA;

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Punitive damages from Defendant for its willful violations of the FCRA;

D. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3);

E. Damages pursuant to § 39-5-10, et seq. for Defendant's Unfair Trade

Practices; and

F. Such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID #10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**

/s/ Penny Hays Cauley
Attorney for Plaintiff

**SERVE DEFENDANT VIA CERTIFIED MAIL, RESTRICTED DELIVERY:**
CorTrust Bank, N.A.
C/o Jack E. Hopkins, President and CEO
100 East Havens
Mitchell, SD 57301